IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROLANDO SANTOS,

    Petitioner,               No. CIV-S-06-2643 GEB KJM P

    vs.

ROBERT A. HOREL, et al.,

    Respondents.          FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a California prisoner proceeding pro se with an application for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner challenges the fact that he has been denied parole. Respondents have filed a motion in which they assert this action should be dismissed because plaintiff failed to exhaust state court remedies with respect to his claims as required by 28 U.S.C. § 2254(b)(1).

        The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

/////

The state court has had an opportunity to rule on the merits when the petitioner has fairly presented the claim to that court. The fair presentation requirement is met where the petitioner has described the operative facts and legal theory on which his claim is based. Picard, 404 U.S. at 277 - 78.

The only claim presented in petitioner's January 30, 2007 amended habeas petition that provides at least an arguable basis for relief is that the evidence relied upon to deny petitioner parole on October 6, 2004 is insufficient.[1] Respondents argue that petitioner has not presented this claim to the California Supreme Court. With their motion to dismiss, respondents include a copy of a petition for writ of habeas corpus filed by petitioner in the California Supreme Court in July 2005. In this petition, the claims raised by petitioner concern general policies utilized by the California Board of Prison Terms (BPT) rather than a specific denial of parole. In fact, petitioner makes no mention in the petition of the 2004 decision specifically, or of the particular flaws that decision allegedly reflects. There is no indication that petitioner has filed any other petitions for writ of habeas corpus challenging a denial of parole in the California Supreme Court; petitioner himself points only to the same petition provided by respondents. Opp'n at 2.

In light of the foregoing, the court cannot find that petitioner has "fairly presented" his claim concerning the sufficiency of the evidence relied upon by the BPT to deny petitioner parole in 2004 to the California Supreme Court. Therefore, respondents' motion to dismiss for failure to exhaust state court remedies should be granted.

/////

/////

---

[1] Most of the claims presented in petitioner's amended petition arise under California law and are not cognizable in this action. 28 U.S.C. § 2254(a). To the extent petitioner's argument, that this court should overturn the BPT if its decisions are not supported by a "preponderance of the evidence" arises under federal law (Am. Pet. at 9), petitioner's claim is in direct conflict with Ninth Circuit authority. See Irons v. Carey, 479 F.3d 658, 662 (9th Cir. 2007).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondents' June 8, 2007 motion to dismiss (docket no. 10) be granted; and

2. This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 28, 2008.

_____
U.S. MAGISTRATE JUDGE

1
sant2643.157

3